

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-646

| | |
|---|---|
| BILLIE JO CRUMP ADAMS | **Opinion Delivered** June 4, 2014 |
| APPELLANT | |
| | APPEAL FROM THE CRAIGHEAD |
| V. | COUNTY CIRCUIT COURT, |
| | WESTERN DISTRICT |
| | [NO. JV-2005-308] |
| ARKANSAS DEPARTMENT OF | |
| HUMAN SERVICES and MINOR | HONORABLE CINDY THYER, |
| CHILDREN | JUDGE |
| APPELLEES | AFFIRMED; MOTION TO BE |
| | RELIEVED GRANTED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Billie Jo Crump Adams appeals the Craighead County Circuit Court's order terminating her parental rights to her two children, A.C. and M.C.[1] Adams's attorney has filed a motion to be relieved from representation and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) of the Rules of the Arkansas Supreme Court and Court of Appeals. Adams was sent a copy of her counsel's motion and brief along with a letter informing her of her right

---

[1]A.C.'s father, Jerry Crump, consented to the termination of his parental rights. M.C.'s putative father, Roger Thorn, never entered an appearance in this case, and the circuit court, upon finding that Thorn had abandoned M.C., terminated his parental rights as well. Neither Crump nor Thorn is a party to this appeal.

to file pro se points for reversal, but she has not done so. We grant counsel's motion to be relieved and affirm the termination of Adams's parental rights.

The Arkansas Department of Human Services (DHS) filed a petition for emergency custody of Adams's children in November 2011 after A.C. discovered a supply of methamphetamine and needles in the home of Adams's then-husband, Jerry Crump. The court subsequently adjudicated A.C. and M.C. dependent-neglected based on a finding that the children had been "subjected to parental unfitness through the drug use of both parents, and the alcohol abuse and failure to protect of the mother, [Adams]."

Throughout the pendency of the case, Adams continued to test positive for drugs and consistently failed to comply with aspects of the case plan. DHS eventually filed a petition for termination of parental rights, asserting, as statutory grounds, that the children had been adjudicated dependent-neglected in January 2012 and had continued out of Adams's custody for twelve months and, despite meaningful effort by DHS to rehabilitate the parent and correct the conditions which caused removal, those conditions had not been remedied by the parent. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) (Repl. 2009). In addition, DHS alleged the "other factors" statutory ground in Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)(*a*) (Repl. 2009).

After a termination hearing, the court found that termination was in the best interest of the children. In its written order, the court found that the girls' grandparents wanted to adopt the children; moreover, the court found that the girls were "young enough to be adoptable on their own merits and have no physical, mental, or medical reason [that] would

prohibit an adoption." As to potential harm, the court found that Adams had not sufficiently dealt with her drug problems that had been the "heart of the reasons for the children being brought into care." The court also found that Adams had demonstrated an inability to properly provide an adequate residence for the children; continued to have ongoing, unresolved drug issues; and had additional mental-health issues. The court specifically credited the DHS caseworker's testimony about the potential for harm to the children if they were returned to Adams's custody.

The court further found clear and convincing evidence for the two statutory grounds cited in DHS's termination petition. Noting that the girls had been removed for more than twelve months based on Adams's drug use, alcohol abuse, and failure to protect the children, the court found that Adams failed to complete her rehabilitation program and continued to test positive for drugs. In addition, the court found that other factors had arisen subsequent to the filing of the original petition for dependency-neglect that demonstrated that return of the children to their parents' custody was contrary to their best interest. Specifically, the court determined that Adams had failed to maintain a stable residence since the case began, had pled guilty to indecent exposure in an incident involving her father-in-law, had recently applied for disability, and had failed to submit to a hair-follicle test. The court therefore terminated Adams's parental rights to A.C. and M.C. Adams filed a timely notice of appeal. Counsel subsequently filed a motion to be relieved and a no-merit brief pursuant to *Linker-Flores*, *supra*.

Counsel's no-merit brief, accompanied by a motion to be relieved, includes a discussion of the sufficiency of the evidence to support the termination order, as well as the other adverse rulings in this case. Based on our examination of the record and the brief, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit briefs in termination cases, and we hold that an appeal would be wholly without merit. Consequently, we grant counsel's motion to withdraw and affirm the order terminating Adams's parental rights.

Affirmed; motion to be relieved granted.

GRUBER and GLOVER, JJ., agree.

*Dusti Standridge*, for appellant.

No response.